IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT T. GARRETT, | ) | |
| | ) | |
| Petitioner, | ) | 8:15CV472 |
| | ) | |
| V. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

This matter is before the court on preliminary review of Petitioner Robert Garrett's Petition for Writ of Habeas Corpus (Filing No. 1). The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court.

Petitioner, who is currently incarcerated in the Lancaster County Jail in Lincoln, Nebraska, requests that sentences imposed in two state criminal cases be ordered to run *consecutively*, so he can be transferred to the Nebraska Department of Corrections to participate in rehabilitative programs. Petitioner claims that consecutive sentences will give him a better chance of rehabilitation. The court determines that Petitioner's claim, even when liberally construed, is not cognizable in a federal habeas action.

Liberally construed, Petitioner's request for transfer so that he may participate in rehabilitative programs roughly translates to a complaint regarding the conditions of confinement. The habeas petition states that the requested transfer "will not change in anyway the time or credit of my sentence" and that "the sentence is and will still take effect and one will not disturb the other." (Filing No. 1 at CM/ECF pp. 1-2.) It is clear that favorable resolution of his claims would not automatically entitle Petitioner to release from custody. Because Petitioner seeks to remedy the conditions of his confinement, he must present his claims in an action brought pursuant to 42 U.S.C. § 1983, not as an action for habeas corpus relief. *Muhammad v. Close*, 540

U.S. 749, 750-51 (2004).

Moreover, even if the court were to construe Petitioner's claim as challenging his sentences based on a violation of his constitutional right to due process, Petitioner's claim would nevertheless fail. There is no constitutionally cognizable right to serve sentences concurrently, let alone consecutively. *See, e.g.*, *Ayres v. Eagleton*, No. 2:10-1967, 2010 WL 4337996, *1 (D. S.C. Oct. 27, 2010) ("[T]here is no constitutional right to serve sentences concurrently."). Therefore, any claim that Petitioner's constitutional rights were violated by his sentencing is without merit.

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

Accordingly,

IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed without prejudice to Petitioner reasserting his claims in a civil rights action. The court will not issue a certificate of appealability in this matter.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. The clerk's office is directed to send the civil complaint form to

Petitioner together with this Memorandum and Order.

DATED this 23rd day of March, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge